J-A08015-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM A. TILLAR | : | |
| | : | |
| Appellant | : | No. 1458 WDA 2021 |

Appeal from the PCRA Order Entered October 29, 2021
In the Court of Common Pleas of Washington County
Criminal Division at No:  CP-63-CR-0000375-2016

BEFORE:   STABILE, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED: August 23, 2023**

Appellant, William A. Tillar, appeals *pro se* from the October 29, 2021 order dismissing his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

On August 22, 2017, Appellant was sentenced to 11 to 22 years of incarceration for possession with intent to deliver a controlled substance, receiving stolen property, unlawful possession of a firearm, possession of drug paraphernalia, and fleeing or eluding a police officer.  The record reveals that Appellant was the driver of a car that led police on a chase after an initial refusal to stop.  Appellant's convictions arose from items found within the vehicle.  This Court affirmed the judgment of sentence on March 15, 2019.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Our Supreme Court denied allowance of appeal on September 11, 2019. *Commonwealth v. Tillar*, 217 A.3d 805 (Pa. 2019) (table).

On September 2, 2020, Appellant filed a timely first *pro se* PCRA petition. On April 26, 2021, Appointed counsel filed a no merit letter and petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On July 29, 2021, the PCRA court filed its notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. Also on that date, the PCRA court filed a memorandum and order permitting appointed counsel to withdraw, explaining its reasoning, and denying Appellant's petition for substitute counsel. Appellant did not file a substantive response to the Rule 907 order. On October 29, 2021, the PCRA court entered an order dismissing Appellant's petition. This timely *pro se* appeal followed.

In his brief, Appellant claims the PCRA court erred in simply adopting counsel's no merit letter, and that a remand is required for assessment of Appellant's claims that PCRA counsel was ineffective.

> In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015)(*en banc*)(internal citations and quotation marks omitted).

Appellant's brief raises a host of bases upon which he believes trial counsel was ineffective.

It is well-established that counsel is presumed effective, and [a PCRA petitioner] bears the burden of proving ineffectiveness. As the Supreme Court of the United States has stated, counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment, and ... the burden to show that counsel's performance was deficient rests squarely on the defendant.

To prevail on an IAC claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice. A petitioner must prove all three factors of the **Pierce** test, or the claim fails. In addition, on appeal, a petitioner must adequately discuss all three factors of the **Pierce** test, or the appellate court will reject the claim.

**Id.** at 779–80 (internal citations and quotation marks omitted).

First, we observe that the PCRA court issued two detailed opinions in this case, one addressing counsel's no merit letter on January 29, 2021 and a Pa.R.A.P. 1925(a) opinion on January 11, 2022. The PCRA court provided its own analysis of the many issues Appellant raised in his *pro se* PCRA petition, and did not simply adopt counsel's no merit letter. Appellant's *pro se* brief contains only cursory responses to the PCRA court's analysis and lacks meaningful citation to pertinent case law and the record. As the PCRA court explains, the issues Appellant sought to raise in his PCRA petition, as well as those he still presses on appeal, are lacking in factual or legal support. We

- 3 -

agree with the PCRA court's analysis on pages 7-20 of its January 11, 2022 opinion and adopt it as our own.

Further, Appellant has not developed any valid basis for a remand to address PCRA counsel's ineffectiveness. Appellant relies on our Supreme Court's recent opinion in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), which held that a PCRA petitioner, acting *pro se* or with new counsel, may raise assertions of PCRA counsel's ineffectiveness at the first opportunity, including on appeal. Appellant's brief offers only a blanket assertion of PCRA counsel's ineffectiveness along with a demand for remand pursuant to **Bradley**. Appellant's *Pro Se* Brief (unpaginated) at Argument II. Because Appellant fails to specify the basis for his claim of PCRA counsel's ineffectiveness or explain why he could not have raised the issue sooner, Appellant has not established a basis for a remand or any other relief under **Bradley**.

Based on the foregoing, we affirm the PCRA court's order and direct that a copy of the PCRA court's January 11, 2022 opinion be filed along with this memorandum. Appellant's July 24, 2023 application for an extension of time within which to file his late reply brief is denied.

Order affirmed. Application for relief denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/23/2023</u>